IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN F. BIG LEGGINS, JR., ) | | |
| No. 09808-046, ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | | CIVIL NO. 13-CV-00764-DRH |
| ) | | |
| J.S.WALTON, ) | | |
| ) | | |
| Respondent. ) | | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner John F. Big Leggins, Jr., is currently incarcerated in the United States Penitentiary at Marion, Illinois. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, attacking his conviction and sentence in *United States v. Big Leggins*, No. 07-cr-00072-SEH (D. Mont. Dec. 18, 2007) (*see* Doc. 1, p. 1). Big Leggins claims that he is actually innocent and, if not for the ineffective assistance of counsel, he would not have pleaded guilty. He prays that his case be remanded to the district court for further proceedings, and that his lifetime term of supervision be overturned, and that he not be required to register as a sex offender (*see* Doc. 1, p. 10). Petitioner also requests an order directing federal and tribal courts to "quash" his records, DNA data and fingerprints (*see* Doc. 1, p. 10).

In 2007, Petitioner pleaded guilty to one count of arson, in violation of 18 U.S.C. §§ 1153(a) and 81(1). *See United States v. Big Leggins*, No. 07-cr-00072-

SEH (D. Mont. Dec. 18, 2007). Big Leggins was sentenced to 24 months' imprisonment, to be followed by a three-year period of supervised release, and restitution in the amount of $22,273.11. The Court of Appeals for the Ninth Circuit affirmed the conviction on direct appeal. *See United States v. Big Leggins,* No. 08-30003 (9th Cir. Mar. 5, 2009) (accepting Big Leggins' concession in his plea that the vacant house that was burned was a "building" for purposes of the statute, and also a "structure" under U.S.S.G. § 2K1.4; and that the sentence was reasonable and not an abuse of discretion). Big Leggins has not filed a motion under 28 U.S.C. § 2255.

According to Petitioner, the ineffective assistance of his counsel impacted his plea, appeal and ability to collaterally attack his conviction and sentence. His principal focus appears to be the definition of a "building"—he characterizes the relevant structure as a "half-burned down" "vacant house." He contends that he is only raising these issues now because of "intervening case law," which is not specified in the petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Multiple inconsistencies in the petition cause the Court to question which conviction Petitioner is challenging, and what relief is appropriate. As noted above, Big Leggins has indicated that he is challenging *United States v. Big Leggins*, No. 07-cr-00072-SEH (D. Mont. Dec. 18, 2007), and his arguments appear to relate to that arson case. However, the prayer for relief references a lifetime term of supervision, and matters that suggest he may actually be challenging a different conviction. If Petitioner is challenging his 2007 conviction for arson, his 24-month sentence has been served by now, but his term of supervision is stayed while he remains incarcerated—leaving habeas corpus as a viable remedy.

A review of public records reveals that Big Leggins was convicted of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a)(1), for which he was sentenced to 405 months' imprisonment, with the sentence to run consecutive to his sentence for arson, followed by supervision for life as a sex offender. *See United States v. Big Leggins*, No. 07-cr-00114-SHE (D. Mont. July 31, 2008). Big Leggins has filed another habeas petition relating solely to that sexual abuse case. *See Big Leggins v. Walton*, No. 13-00765-DRH (S.D. Ill. July 29, 2013). Therefore, the portions of the remedy regarding DNA and lifetime supervision requested in the present case appear to be unrelated to the arson case. There is also no apparent connection between the arson case and any tribal matters.

In addition to the confusing nature of the petition, the Court notes that Petitioner Big Leggins does not specify the change in the law that only now enables him to raise this issue. Therefore, Petitioner Big Leggins will be given an opportunity to amend his petition to address the ambiguities discussed in this order.

**IT IS HEREBY ORDERED** that on or before September 20, 2013, Petitioner Big Leggins shall file an amended petition. Failure to file an amended petition by the prescribed deadline may result in the petition being dismissed. Any amended petition with be subject to review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS SO ORDERED.**

This 20th day of August, 2013.

David R. Herndon
2013.08.20
09:36:31 -05'00'

**Chief Judge
United States District Court**