IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN F. BIG LEGGINS, JR., )<br>No. 09808-046, )<br> )<br>      Petitioner, )<br> )<br>vs. )<br> )<br>J.S.WALTON, )<br> )<br>      Respondent. ) | CIVIL NO. 13-CV-00764-DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

  Petitioner John F. Big Leggins, Jr., is currently incarcerated in the United States Penitentiary at Marion, Illinois. His July 2013 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) did not make clear which of two convictions Big Leggins was challenging, or what the "intervening case law" was upon which the petition rested. Petitioner was given an opportunity to amend the petition (Doc. 3). His amended petition (Doc. 4) is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I. Background

Petitioner Big Leggins is attacking his conviction and sentence in *United States v. Big Leggins*, No. 07-cr-00072-SEH (D. Mont. Dec. 18, 2007). In 2007, petitioner plead guilty to one count of arson, in violation of 18 U.S.C. §§ 1153(a) and 81(1). Based in part on his lengthy tribal criminal history, Big Leggins was sentenced to 24 months' imprisonment, to be followed by a three-year period of supervised release, and restitution in the amount of $22,273.11.

The Court of Appeals for the Ninth Circuit affirmed the conviction on direct appeal. *See United States v. Big Leggins,* No. 08-30003 (9th Cir. Mar. 5, 2009) (accepting Big Leggins' concession in his plea that the vacant house that was burned was a "building" for purposes of the statute, and also a "structure" under U.S.S.G. § 2K1.4; and that the sentence was reasonable and not an abuse of discretion). The Court has found no indication that Big Leggins has ever filed a motion under 28 U.S.C. § 2255 attacking his arson conviction (*see* Doc. 1, p. 4).

## II. The Petition

As a preliminary matter, the Court notes that Big Leggins incorporates his original petition into his amended petition by reference, in violation of Local Rule 15.1. In the interest of judicial economy, rather than require a second amended petition, the Court will consider both the original petition (Doc. 1) and the amended petition (Doc. 4).

Petitioner claims that he is actually innocent and, if not for the ineffective assistance of counsel, he would not have plead guilty. According to petitioner, the ineffective assistance of his counsel impacted his plea, appeal and ability to collaterally attack his conviction and sentence.

Big Leggins'principal focus appears to be the definition of a "building"—he characterizes the relevant structure as a "half-burned down" "vacant house." Petitioner argues that, had counsel properly investigated, counsel would have realized he was actually innocent of arson because the building at issue was already burned down before Big Leggins purportedly set fire to the building. Big Leggins similarly contends that the F.B.I. case agent failed to fairly and fully investigate his case.

Big Leggins contends that he is only raising these issues now because of intervening case law: *Cole v. Oravec*, 465 Fed.Appx. 687 (9th Cir. Jan. 10, 2012).

Big Leggins prays that his conviction and sentence be vacated and that the case be remanded to the district court for further proceedings. He also requests that his quarterly restitution obligation be stayed and all payments already made be refunded, in order to prevent further injustice. Furthermore, he seeks "declaratory and equitable relief" against the Fort Peck Tribes, Bureau of Indian Affairs, F.B.I., and the District Court for Montana for the shoddy investigation, racial discrimination, and use of a lowered evidentiary threshold for indictment.

### III. Discussion

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e).

The savings clause allows a petitioner to bring a claim under Section 2241 where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of

justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Big Leggins fails from the outset. Big Leggins cites *Cole v. Oravec*, 465 Fed.Appx. 687 (9th Cir. 2012), as a new precedent that allows him to bring his claims. However, the *Cole* decision gets petitioner nowhere.

First, *Cole* is an unpublished, non-precedential decision, which is not binding on this Court or the court where petitioner was convicted. Secondly, the *Cole* decision holds that the representatives of the estates of two deceased Native American men can pursue *Bivens* equal protection claims against an FBI agent for failure to conduct an adequate investigation into the decedents' deaths. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The *Cole* plaintiffs asserted that the FBI agent handled the investigation in a shoddy, discriminatory manner because the decedents were Native Americans. *Cole* does not provide grounds for challenging a criminal conviction, either via Section 2241 or Section 2255. Big Leggins presents a similar argument, that the investigation of the crime was inadequate, due to racial animus.

Big Leggins fails to appreciate that a *Bivens* claim (as was at issue in *Cole*) seeks civil relief (most often money damages) for the deprivation of a plaintiff's constitutional rights by a person acting under the color of federal authority. A *Bivens* claim <u>cannot</u> be used to challenge a conviction or free a prisoner from custody. *See Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991) (habeas petition is the proper route if a prisoner challenges the fact or duration of his

conviction; other challenges must be brought under civil rights law); *Preiser v. Rodriguez,* 411 U.S. 475, 484–85 (1973) (writ of habeas corpus is used to completely free an inmate from unlawful custody). Therefore, Big Leggins' Section 2241 petition cannot be premised upon *Cole*.

If petitioner brings a *Bivens* claim against his attorneys, the Fort Peck Tribes, Bureau of Indian Affairs, F.B.I., and the District Court for Montana for the shoddy investigation, racial discrimination, and use of a lowered evidentiary threshold for indictment—as the amended petition indicates is one of his aims—*Cole* might have some relevance. However, any *Bivens* claim must be asserted in a separate action. It is worth noting that, *if* such an action were to imply the invalidity of the conviction, it would be barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994) (plaintiff cannot recover damages for an allegedly unconstitutional conviction or imprisonment unless the conviction or sentence has first been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

Put succinctly, the *Cole* case does not represent any change in the law that would permit petitioner to now challenge his conviction in a Section 2241 action. Consequently, this action is subject to summary dismissal with prejudice. Accordingly, petitioner's motion for a stay (Doc. 5) will be denied.

### IV. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Section 2241 petition is summarily **DISMISSED** with prejudice, and petitioner's motion to stay proceedings (Doc. 5) is **DENIED**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

Signed this 27th day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.27 12:52:48 -06'00'

**Chief Judge**
**United States District Court**